## Himes *v.* Stoker Sales and Service (et al., Appellant).

Argued November 14, 1945. Before Rhodes, Reno, Dithrich, Ross and Arnold, JJ. (Baldrige, P. J., and Hirt, J., absent).

*F. Lyman Windolph,* for appellant.

*Louis C. Harnish,* for appellee.

OPINION BY ROSS, J., January 18, 1946:

In this compensation case the claimant, Howard R. Himes, on July 29, 1942, in the course of his employment with Stoker Sales and Service, sustained accidental injuries to his left thumb. On August 18, 1942, an agreement providing for the payment of compensation for an indefinite period was entered into between claimant and defendant and its insurance carrier, and compensation was paid under this agreement until terminated by final receipt on October 6, 1942. On September 20, 1943, the claimant filed a petition to set aside the final receipt, claiming that "the injury has developed into the loss of the use of the thumb on my left hand". After a hearing the referee awarded compensation for the loss of the thumb. This award was affirmed by the Workmen's Compensation Board and the court below, and this appeal followed.

The seventh finding of fact of the referee, affirmed by the board, is as follows: "From the testimony taken in this case, and from a personal observation of claimant's left thumb, your Referee is of the opinion and so finds as a fact that the claimant has permanently lost the use of his left thumb." The question before this court is whether or not this finding of fact is based on sufficient competent evidence, and from an examination of the testimony of the only witness, Dr. John L. Atlee, Sr., we are unable to determine this question because of the obvious ambiguity and lack of clarity of the testimony.

After reciting the history of the case, Dr. Atlee's entire testimony is as follows: "A. I think it is fair to

say he has lost the use of the last joint, of the distal phalanx, and if that last joint bothers him I think it could be taken off; whether that would make his thumb more useful, now that is for him to judge, but I think it is fair to say the use of his last joint has been lost. Q. In amputating, would you take off the last joint? A. Just the last, the distal phalanx. Q. In effect, is it fair to say there is half the loss of a thumb, Doctor? A. Well, I think the function of the thumb is a little more than half lost, I imagine your insurance companies have some ruling on loss of one joint of the thumb. Q. Then this is less complete than a total loss? A. He can still rest this, this way (indicating), he can't pick things up because he can't approximate this thumb with his fingers, the nail is turned over which makes it— Q. But he has the use of the greater portion of the lower portion of the thumb in apposition to the other fingers? A. Yes, I would rather feel it would be better to leave that thing on than take it off because you can always take it off, but you can't put it on again; but I do feel he has permanently lost the last joint."

Appellant contends that Dr. Atlee used "the last joint" and "the distal phalanx" as synonomous terms and that when he said "distal phalanx", he meant "first phalange". The appellee contends that Dr. Atlee meant joint *and* distal phalanx—the appellant in effect contending that claimant's injury is limited to the first phalange of the claimant's thumb and the appellee contending that the claimant was suffering from an injury to the joint of his thumb in addition to the phalange. Counsel's confusion as to the meaning of the witness' testimony is shared by this Court. Furthermore, the witness testified, "I think the function of the thumb is a little more than half lost . . .", but in the same sentence went on to say, "I imagine your insurance companies have some ruling on loss of *one joint* of the thumb." (Italics supplied.)

The judgment of the court below is reversed; and the record is remitted to the court below with direction that

it be returned to the compensation authorities for further hearing and determination.